IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
JAN 2 4 2022
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

| | |
|---|---|
| MILES STERLING BENCH ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | DEATH PENALTY |
| ) | Case No. |
| JIM FARRIS, Warden, ) | CIV-22-66-G |
| Oklahoma State Penitentiary, ) | |
| ) | |
| Respondent. ) | |

### PRO SE REQUEST FOR APPOINTMENT OF COUNSEL, NOTICE OF CLAIMS/PRELIMINARY PETITION, AND BRIEF IN SUPPORT[1]

Petitioner, Miles Sterling Bench, appearing *pro se*, respectfully moves the Court for leave to proceed *in forma pauperis* and further respectfully requests the appointment of counsel to assist in the preparation, filing, and presentation of a petition for a writ of habeas corpus pursuant to Title 28 United States Code, Section 2254.

1. I am in the custody of the Warden of the Oklahoma State Penitentiary in McAlester, Oklahoma as a result of a jury trial held February 9 to March 3, 2015. I was convicted of First Degree Murder, 21 O.S. 2011, § 701.7 (A), and sentenced to death in the District Court of Stephens County, Case No. CF-2012-172.

2. On appeal, the Oklahoma Court of Criminal Appeals issued an opinion affirming my conviction and death sentence in Case No. D-2015-462 on October 14 2018. *Bench v. State*, 2018 OK CR 31, 431 P.3d 929, *cert. denied*, October 7, 2019. My

---

[1] My former State court counsel prepared this request for me.

      Application for Post Conviction relief was denied by the Oklahoma Court of Criminal Appeals in Case Number PCD-2015-6981 on December 22, 2021.

3. I asserted a number of violations of the United States Constitution in state court proceedings, but the state courts did not remedy those violations. For this Court's convenience the claims I presented in state court are summarized below.

4. I am indigent.

5. I desire to pursue a federal habeas corpus action.

6. I request that this Court, pursuant to Title 18, United States Code, Section 3599 (e) and *McFarland v. Scott*, 512 U.S. 849, 114 S. Ct. 2568, 129 L. Ed.2d 666 (1994), appoint experienced habeas corpus attorneys to represent me in all respects authorized under Section 3599(e). *See also*, Chapter Six of the Guide to Judiciary Policies and Procedures; 18 U.S.C § 3006A. Specifically, I request the appointment of the Death Penalty Federal Habeas Corpus Division of the Federal Public Defender's Office for the Western District of Oklahoma (the FPD), which, I am told, serves all federal districts in Oklahoma. Alternatively, I request appointment of an attorney from the Special Death Penalty Habeas Corpus Panel maintained by the FPD.

7. I further request that this Court stay the running of any period of limitations until counsel is appointed and submits a habeas corpus petition.

8. The federal constitutional claims I seek to raise in this action include those presented in the attached Brief of Appellant and Post-Conviction Application. These claims arise under the United States Constitution, principally under the Sixth, Eighth

and Fourteenth Amendments. Specifically, without limitation, I request my appointed counsel select from and develop the following claims and also raise any additional claims they may identify in the exercise of their professional judgment. To the extent these claims have been adjudicated on the merits in state court, I contend the adjudication was contrary to law and unreasonable.

I. **THE TRIAL COURT'S DENIAL OF MR. BENCH'S MOTION FOR CHANGE OF VENUE FORCED HIM TO BE TRIED IN A COURT AND COMMUNITY PERVADED BY HOSTILE PRETRIAL PUBLICITY, DEPRIVING HIM OF HIS SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND ARTICLE II, §§ 7, 9, 19, & 20 OF THE OKLAHOMA CONSTITUTION.**

   A. Petitioner's Compelling Request for Change of Venue
   B. Prejudice of Media Coverage
   C. The Record of Voir Dire
   D. Conclusion

II. **UNDER THE TOTALITY OF THE CIRCUMSTANCES, PETITIONER'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND CORRESPONDING PROVISIONS OF THE OKLAHOMA CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT ADMITTED HIS CUSTODIAL STATEMENTS.**

   A. Statements Made to Officer Kendall Brown
   B. Argument and Authority

III. **THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING GRUESOME AND INFLAMMATORY PHOTOGRAPHS IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE II, §§ 7, 9 AND 20 OF THE OKLAHOMA CONSTITUTION.**

IV. **MR. BENCH WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE II, §§ 7, 9, AND 20 OF THE OKLAHOMA CONSTITUTION**

   **\*\*ERRORS AND OMISSION IN GUILT STAGE OF TRIAL\*\***

      **A. Deficient Performance**
      1. Failure to Object to the Instances of Prosecutorial Misconduct
      2. Failure to Object to Dr. Hall's Improper Vouching
      3. Failure to Effectively Cross Examine Melissa Lynn
      4. Failure to Impeach and/or Rebut Dr. Hall's Testimony
          a. Testimony of Clayton Jenson
          b. Dr. Hall's testimony in a prior NGRI case
          c. Test Interpretation
          d. The SIRS test
      **B. Prejudice**

      **\*\*ERRORS AND OMISSIONS IN SENTENCING STAGE\*\***

      **A. Deficient Performance**
      1. Failure to Present a Mitigation Specialist at Trial
      2. Failure to Present Mental Health Expert
      3. Failure to Prepare and Present Neuro-imaging Evidence
      4. Failure to Present Testimony Regarding the Value of Mr. Bench's Life to His Family

**V.**    THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON SECOND DEGREE MURDER, THEREBY DEPRIVING MR. BENCH OF DUE PROCESS, A FAIR TRIAL, AND A RELIABLE SENTENCING DETERMINATION, IN VIOLATION OF THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND CORRESPONDING PROVISIONS OF THE OKLAHOMA CONSTITUTION.

**VI.**   MR. BENCH'S TRIAL WAS RENDERED FUNDAMENTALLY UNFAIR BY THE ADMISSION OF IMPROPER EXPERT OPINION TESTIMONY THAT INVADED THE PROVINCE OF THE JURY IN VIOLATION OF HIS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE II, § 7 OF THE OKLAHOMA CONSTITUTION.

**VII.**  DURING BOTH STAGES OF TRIAL, THE PROSECUTION ENGAGED IN DELIBERATE MISCONDUCT, DEPRIVING PETITIONER OF HIS RIGHTS TO A FAIR TRIAL AND RELIABLE SENTENCING HEARINGIN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE II, SECTIONS 7, 9, AND 20 OF THE OKLAHOMA CONSTITUTION.

      **A. Knowing Use of False or Misleading Evidence**

      B. Misstating the Burden of Proof in an Insanity Plea
      C. Dr. Hall's Testimony was Improperly Bolstered with Hearsay
      D. (Arguing) Facts not in Evidence
      E. Misstating the Evidence
      F. Improper Impeachment of Dana Huff
      G. Improperly Invoked Sympathy for the Victim

VIII. THE ADMISSION OF A PRE-MORTEM PHOTOGRAPH OF THE VICTIM INJECTED PASSION, PREJUDICE, AND OTHER ARBITRARY FACTORS INTO THE SECOND STAGE PROCEEDINGS.

IX. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE JURY'S FINDING OF THE CONTINUING THREAT AGGRAVATING CIRCUMSTANCES IN VIOLATION OF MR. BENCH'S RIGHTS SECURED TO HIM UNDER THE EIGHTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AS WELL AS ARTICLE II,§§ 7, 9 OF THE OKLAHOMA CONSTITUTION .

X. THE HEINOUS, ATROCIOUS, OR CRUEL AGGRAVATING CIRCUMSTANCE IS UNCONSTITUTIONALLY VAGUE AND OVERBROAD AS IT IS CURRENTLY BEING APPLIED IN OKLAHOMA. ITS USE IN THIS CASE VIOLATED PETITIONER'S RIGHTS IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE II,§§ 7, AND 9 OF THE OKLAHOMA CONSTITUTION.

      A. The Definition of this Aggravating Circumstance is Still Too Vague to be Constitutional.
      B. The Evidence in this Case Does Not Support the Especially Heinous, Atrocious, or Cruel Aggravating Circumstance Because the State Failed to Prove the Conscious Suffering of the Victim.

XI. THE VERDICT OF DEATH WAS INFLUENCED BY PASSION AND PREJUDICE AND OTHER ARBITRARY FACTORS PREVENTING THE JUDGE FROM MAKING A REASONED MORAL RESPONSE TO THE EVIDENCE.

XII. THE STATE OF OKLAHOMA LACKED JURISDICTION TO PROSECUTE THE CRIME AT ISSUE.

      A. Federal Law Provides for Exclusive Federal Jurisdiction Over Murders Committed by Native Americans in Indian Country.
      B. Miles Bench is a Native American and has Tribal Membership with the Choctaw Nation of Oklahoma.

      C. This Crime, Committed at the Tee Pee Totem in Velma, Stephens County, Oklahoma, Occurred in Indian County on Chickasaw Nation Tribal Land.
      D. Chickasaw Tribal Land in Oklahoma has not been Diminished under the Guidelines Established by the United States Supreme Court. As such, the Land Remains Part of the Chickasaw Reservation.

XIII. THE TRIAL COURT ERRONEOUSLY DENIED MR. BENCH'S CHALLENGES FOR CAUSE LEAVING OBJECTIONABLE JURORS ON THE JURY. THIS ERROR RESULTED IN PETITIONER HAVING TO USE PEREMPTORY CHALLENGES TO EXCUSE JURORS WHO SHOULD HAVE BEEN REMOVED FOR CAUSE AND DENIED PETITIONER HIS FULL COMPLEMENT OF PEREMPTORY CHALLENGES. THIS ERROR DEPRIVED MR. BENCH OF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE 2, §§ 7, 19 & 20 OF THE OKLAHOMA CONSTITUTION.

      A. Jurors Whom Defense Counsel Requested be Stricken for Cause
      B. Juror Challenges as Applied in this Case
      C. Argument and Authority
      D. Preservation of the Issue and Prejudice to Petitioner

XIV. GIVING THE JURY INSTRUCTION ON FLIGHT WAS A VIOLATION OF MR. BENCH'S FUNDAMENTAL PRESUMPTION OF INNOCENCE.

XV. THE DEATH PENALTY IS A CRUEL AND UNUSUAL PUNISHMENT FOR MILES BENCH BECAUSE OF HIS AGE AT THE TIME OF THE OFFENSE.

XVI. PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL IN VIOLATION OF THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE II, §§ 7, 9, AND 20 OF THE OKLAHOMA CONSTITUTION FOR FAILING TO GET THE MORE SPECIALIZED M.R.I. (MAGNETIC BRAIN EVALUATION) DONE ON MR. BENCH.

XVII. THE TRIAL COURT ERRED BY FAILING TO FOLLOW THE STATUTORILY MANDATED PROCEDURES WHEN THE JURY ASKED TWO SEPARATE QUESTIONS DURING THE SECOND STAGE OF THEIR DELIBERATIONS.

XVIII. UNDER THE TOTALITY OF THE CIRCUMSTANCES, MR. BENCH'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND CORRESPONDING PROVISIONS OF

              THE OKLAHOMA CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT ADMITTED HIS CUSTODIAL STATEMENTS TO DEPUTY SHORT.

XIX.    TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF MR. BENCH'S SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE II, §§ 7, 9, AND 20 TO THE OKLAHOMA CONSTITUTION.

XX.    APPELLATE COUNSEL WAS INEFFECTIVE IN VIOLATION OF MR. BENCH'S EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE II, §§ 7 and 9 TO THE OKLAHOMA CONSTITUTION.

XXI.    THE ACCUMULATION OF ERRORS IN THIS CASE DEPRIVED MR. BENCH OF DUE PROCESS OF LAW AND A RELIABLE SENTENCING PROCEEDING IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE II, §§ 7 AND 9 OF THE OKLAHOMA CONSTITUTION. THESE ERRORS RESULTED IN PETITIONER RECEIVING AN ARBITRARY, CAPRICIOUS, AND UNRELIABLE SENTENCE OF DEATH IN THIS CASE.

9.    I declare, under penalty of perjury, that the facts set forth above are true and correct. Accordingly, I move for appointment of counsel and such other and further relief to which I may be entitled.

Dated this 20th day of January, 2022.

*Miles S. Bench*
Miles Bench
DOC # 713261
Oklahoma State Penitentiary
P.O. Box 97
McAlester OK 74502-0097