IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILES STERLING BENCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. CIV-22-66-G |
| ) | |
| JIM FARRIS, Warden, ) | |
| Oklahoma State Penitentiary, ) | |
| ) | |
| Respondent. ) | |

**Application for Appointment of Co-Counsel**

*Comes now* Miles Sterling Bench, by and through undersigned counsel, and applies to this Court for an Order appointing Alyssa Donovan Farrell as co-counsel in this proceeding. In support of this application, Petitioner Bench shows the Court as follows:

1. Undersigned counsel, Robert S. Jackson, was appointed to represent Petitioner Bench by the Court's Order of January 25, 2022. Doc. 6. Undersigned counsel is presently the only attorney representing Petitioner.

2. The appointment of additional counsel is both necessary and proper in order to provide the effective assistance of counsel in this capital habeas proceeding.

3. Title 18, United States Code § 3599 (a)(2), provides for the appointment of "one or more attorneys" to represent capital habeas petitioners, such as Mr. Bench, who cannot afford counsel. *See also* 18 U.S.C. § 3005 (requiring assignment of two counsel in capital cases, "of whom at least 1 shall be learned in the law applicable to capital cases"). Volume VII of the Guide to Judiciary Policy, Chapter VI, § 620.10.20 (b) suggests: "Due to the

complex, demanding and protracted nature of death penalty proceedings, judicial officers should consider appointing at least two counsel." Additionally, the *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* indicate the defense team should consist of no fewer than two attorneys. Guideline 4.1 (A), reprinted at 31 Hofstra L. Rev. 913, 952 (Summer 2003).

4. This is a capital case with a voluminous record which is likely to be the subject of extended litigation. Undersigned counsel is the only lawyer currently appointed to represent Mr. Bench. Ms. Farrell, if appointed as co-counsel, will be performing a necessary and beneficial role in the case.

5. Ms. Farrell is a member of the Court's Criminal Justice Act Panel, she has been engaged in the practice of criminal defense for the last 10 years, and prior to entering private practice, she served as a federal prosecutor in the Southern District of Mississippi. Undersigned counsel has communicated with Ms. Farrell, and she is willing and able to serve as co-counsel in this matter. Further, Ms. Farrell has agreed to voucher for her services at the regular CJA rate of $158/hour.

6. Undersigned counsel agrees to work cooperatively with Ms. Farrell and, to the extent practicable, not to overlap work. Undersigned Counsel and Ms. Farrell will provide different aspects of their experience to the capital habeas litigation process for the mutual benefit of Petitioner.

7. In good faith and based upon the foregoing, Petitioner moves this Court for an Order appointing Alyssa Donovan Farrell as co-counsel in this case.

*Wherefore*, good cause being shown, Petitioner, through undersigned counsel, respectfully requests this Court appoint Alyssa Donovan Farrell as co-counsel in his case.

Respectfully submitted,

*s/ Robert S. Jackson*
Robert S. Jackson, OBA # 22189
1300 NW 10th St.
Oklahoma City, OK 73106
phone: 405-602-8614
fax:    405-400-2167
email: bob@bobjacksonlaw.com

## Certificate of Service

I hereby certify that on the date of filing, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Caroline E.J. Hunt
Assistant Attorney General

*s/Robert S. Jackson*