IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILES STERLING BENCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. CIV-22-66-G |
| v. | ) |
| | ) |
| JIM FARRIS, Warden, | ) |
| Oklahoma State Penitentiary, | ) |
| | ) |
| Respondent. | ) |

**PETITIONER'S FIRST MOTION FOR EXTENSION OF TIME
AND LEAVE TO FILE PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant LCvR 7.1(h), Petitioner, Miles Sterling Bench, respectfully requests this Court extend his October 24, 2022 deadline for filing his Petition for Writ of Habeas Corpus for **sixty (60) days, or until December 23, 2022,** and/or otherwise grant him leave to file his Petition by December 23, 2022. In support of this Motion, Mr. Bench respectfully shows the Court as follows:

1. Pursuant to the Court's Order of February 22, 2022 [Doc. No. 12], Mr. Bench's Petition for Writ of Habeas Corpus was due on or before October 24, 2022.

2. Counsel mistakenly docketed Mr. Bench's 1-year AEDPA limitation deadline of December 23, 2022[1] as the Petition deadline as opposed to the October 24,

---

[1] 28 U.S.C. § 2244(d)(2) provides that Mr. Bench has a 1 year limitation period in which to file his Petition for Writ of Habeas Corpus from December 22, 2021, the date upon which the Oklahoma Court of Criminal Appeals denied his Application for Post-Conviction Relief in Case

2022 deadline which was initially set by Judge Purcell. Counsel acknowledges his error and respectfully requests, the to the extent necessary, that leave be granted such that Mr. Bench may file his Habeas Corpus Petition by the AEDPA deadline of December 23, 2022.

3. This is Petitioner Bench's first motion for extension of time in which to file his Petition for Writ of Habeas Corpus.

4. Obligations in other cases have prevented Mr. Jackson, Petitioner Bench's lead attorney, from preparing the Petition under the current deadlines. Those obligations include filing an opening brief on September 16, 2022 and continuing activities in *United States of America v. Freeman*, Tenth Circuit Case No. 22-2039; Preparing and filing a Petition for Writ of Certiorari in *Shakespeare v. United States*, SCOTUS Case No. 22-5836, on October 11, 2022; and preparation for an anticipated winter 2022 filing of a non-capital habeas corpus appeal in Tenth Circuit No. 22-5082; various trial-level criminal court activities in the Western District of Oklahoma; and additional projects as necessitated by his private solo law practice. Co-counsel Ms. Farrell cannot prepare the Petition due to the complexity of Mr. Bench's case, and because Ms. Farrell has substantial obligations of her own, including the

---

No. PCD-2015-698. The AEDPA limitations period began running on Dec. 23, 2021 and Mr. Bench has up to and including Dec. 23, 2022, in which to file his habeas corpus petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011).

representation of numerous trial-level clients in the Western, Northern, and Eastern districts of Oklahoma, not to mention additional projects and obligations necessitated by her private solo law practice.

5. Opposing counsel, Assistant Attorney General Caroline E.J. Hunt, has been contacted. Respondent has no objection to a 60-day extension for filing of Mr. Bench's Petition and has no objection the out-of-time nature of the request. Ms. Hunt requested that the following language further explaining Respondent's non-objection be included in this motion:

*The State wishes to stress that its non-objection in this case to a 60-day extension is unusual and due to extraordinary circumstances, to wit, the State's own heavy caseload, particularly in light of the 23 scheduled executions the State is currently party to. The State strongly believes the federal habeas statute of limitations is intended to reduce the amount of time cases spend on review rather than as an automatic basis for an extension. In agreeing to the request to an extension here, the State does not intend to set a precedent, or suggest that the States agrees, that capital inmates are automatically entitled to 60-day extensions or their full one-year statute of limitations period.*

6. The granting of this motion will impact the remaining deadlines in the Court's February 22, 2022 Scheduling Order [Doc. 12]. Respondent's response shall be filed no later that forty-five (45) days following the filing of the petition; and Petitioner's reply shall be filed no more than thirty (30) days following the filing of Respondent's response. All remaining deadlines should be extended by sixty (60) days:

Motions for Leave to Conduct Discovery:		December 23, 2022

       Motion for Evidentiary Hearing:                        February 8, 2023.

7.      This motion for extension of time is not made for purposes of delay.

For these reasons, Petitioner Bench respectfully requests this Court grant him a sixty (60) day extension of time, or until December 23, 2022 in which to file his Petition for Writ of Habeas Corpus.

Respectfully Submitted,

*s/Robert S. Jackson*
Robert S. Jackson, OBA #22189
1300 NW 10th ST.
Oklahoma City, OK 73106
Telephone:  405-602-8614
Facsimile: 405-400-2167
bob@bobjacksonlaw.com

Alyssa Donovan Farrell, OBA #32304
P.O. Box 52192
Tulsa, OK 74152
Telephone: (405) 439-1264
alyssa.d.farrell@gmail.com

ATTORNEYS FOR PETITIONER

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date of filing, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Ms. Caroline E.J. Hunt
Assistant Attorney General

*s/Robert S. Jackson*
Robert Jackson
