IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILES STERLING BENCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-66-G |
| ) | |
| CHRISTE QUICK, Acting Warden,[1] ) | (Capital Case) |
| Oklahoma State Penitentiary, ) | |
| ) | |
| Respondent. ) | |

## UNOPPOSED MOTION FOR ENLARGEMENT OF PAGE LIMITATION FOR RESPONSE TO HABEAS CORPUS PETITION

COMES NOW Respondent and respectfully requests that this Court enlarge the page limitation on Respondent's response to Petitioner's capital habeas petition, due on March 8, 2023, so that she can file a response not exceeding one hundred and fifty (150) pages. In support of this request, Respondent states as follows:

1. Respondent is aware of and respects the reasons behind this Court's general order limiting capital habeas responses to one hundred and twenty-five (125) pages, but the order contemplates extensions of the page limit for "good cause," *see* W.D. Okla. G.O. 10-1, and Respondent respectfully submits that she can show good cause here. Petitioner's habeas petition uses the full one hundred (100) pages allotted to him. Doc. 19. His petition raises ten (10) grounds for relief, including an ineffective assistance of trial counsel ground with seven (7) sub-claims, an ineffective assistance of appellate counsel ground with four

---

[1] Christe Quick is now Acting Warden of Oklahoma State Penitentiary and should replace former Warden Jim Farris as party-respondent. *See* Fed. R. Civ. P. 25(d).

(4) sub-claims, and a prosecutorial error ground with six (6) sub-claims. Respondent's original draft response was two hundred and thirty-five (235) pages long. Thus, Respondent has already made significant cuts, and even removed arguments that Respondent would have preferred to preserve, to reach one hundred and fifty (150) pages.

2.  The majority of Petitioner's claims were raised on direct appeal. The Oklahoma Court of Criminal Appeals's ("OCCA") direct appeal decision was extraordinarily thorough and lengthy. The slip opinion, not including the concurring opinions, was more than one hundred and forty (140) pages long, and the opinion as reproduced on Westlaw is approximately ninety-two (92) pages long. As is standard habeas practice, Respondent's response block-quotes the OCCA's dispositions of each of Petitioner's claims raised here, and those block-quotes alone account for nearly forty-four (44) pages of Respondent's response. These reproductions of the OCCA's analyses are not only critical given the nature of habeas review, *see Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) ("[28 U.S.C.] § 2254(d)(1) review focuses on what a state court knew and did."), but also in light of the fact-intensive nature of Petitioner's claims, *see* 28 U.S.C. § 2254(e)(1) (presumption of correctness afforded to state court's factual findings). Indeed, Petitioner's jury trial spans fourteen volumes of transcripts.

3.  Ground One of Petitioner's petition—challenging the application of *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), to his *McGirt*[2] claim—is an issue of first impression. Although the Oklahoma Attorney General's Office has briefed

---

[2] *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020).

this issue in multiple timely filed habeas petitions raising *McGirt* claims, all such cases remain pending with no decision from the district court, let alone the Tenth Circuit. Given the novelty of the issue, in this case and others, Respondent has preserved arguments under both the theory that *Wallace* is an independent and adequate procedural bar and the theory that it is subject to § 2254(d). Respondent has also routinely raised other arguments to preserve final convictions against *McGirt* claims, including that *McGirt* is *Teague*[3]-barred on *de novo* review. In fact, Respondent's standard briefing on this issue in *non-capital* cases spans roughly one hundred (100) pages in 12-point font, *see, e.g.*, Doc. 73, *Patterson v. Whitten*, Case No. 18-CV-153-GKF-JFJ (N.D. Okla. Aug. 15, 2022); here, Respondent has already shortened this briefing to roughly forty-six (46) pages in 13-point font. The State has compelling interests in upholding a final capital conviction in habeas, *cf. Brecht v. Abrahamson*, 507 U.S. 619, 635 (1993), and it is potentially prejudicial for the State to have to forfeit arguments on such a novel issue when it is unclear how the federal courts will ultimately rule.

      4.    Respondent contacted opposing counsel, Bob Jackson, and he has no objection to this request.

      WHEREFORE, Respondent respectfully requests an enlargement of twenty-five (25) pages, for a total of one hundred and fifty (150) pages, for her response to Petitioner's habeas petition.

---

[3] *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion).

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ Caroline E.J. Hunt**
**CAROLINE E.J. HUNT, O.B.A. # 32635**
**ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Fax: (405) 522-4534

**Service email: fhc.docket@oag.ok.gov**
**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

X    I hereby certify that on March 1, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and a Notice of Electronic filing to the following ECF registrants:

Robert S. Jackson
bob@bobjacksonlaw.com

Alyssa Donovan Farrell
alyssa.d.farrell@gmail.com

**s/ Caroline E.J. Hunt**