IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILES STERLING BENCH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHRISTE QUICK, )<br>)<br>Respondent. ) | Case No. CIV-22-66-G |

### RESPONDENT'S SUPPLEMENTAL BRIEF

COMES NOW the Attorney General of the State of Oklahoma, Gentner F. Drummond, appearing on behalf of the above-named Respondent, and respectfully submits the following Supplemental Brief concerning Ground One of Petitioner's Petition for Writ of Habeas Corpus. *See* LCvR 7.1(h), (l).

**A.    Background:**

On December 22, 2022, Petitioner filed a Petition for Writ of Habeas Corpus in this Court raising ten claims (Doc. 19). As relevant here, in Ground One, Petitioner argued that the State of Oklahoma lacked prosecutorial authority to prosecute him pursuant to the United States Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020). As part of Ground One Petitioner challenged the Oklahoma Court of Criminal Appeals' ("OCCA") application of *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 687 (Okla. Crim. App. 2021), to his case on state post-conviction appeal (Doc. 19 at 27-43). In *Wallace*, the OCCA held that "*McGirt* and [the OCCA's] post-*McGirt* decisions recognizing [Oklahoma's Indian] reservations shall not apply retroactively to void a conviction that

was final when *McGirt* was decided." *Wallace*, 497 P.3d at 689. As determined by the OCCA in this case, Petitioner's conviction became final on October 7, 2019 (Doc. 30 at 32).

On March 8, 2023, Respondent filed a Response to the Petition and urged this Court to deny habeas relief (Doc. 30). With respect to Ground One Respondent argued that habeas relief was unwarranted. In particular, Respondent argued that Petitioner's Ground One was not cognizable on habeas review and failed for lack of clearly established law (Doc. 30 at 33-35). Respondent also argued—assuming the existence of clearly established federal law—that the OCCA's application of *Wallace* to Petitioner's prosecutorial authority claim was an adjudication on the merits for purposes of 28 U.S.C. § 2254 and was neither contrary to nor an unreasonable application of clearly established federal law (Doc. 30 at 55-82). Moreover, alternatively, Respondent argued that the OCCA's application of *Wallace* to Petitioner's claim on state post-conviction appeal was an independent and adequate state procedural bar that Petitioner failed to overcome (Doc. 30 at 35-54). As a final alternative, Respondent argued that even on *de novo* review *McGirt* does not apply retroactively (Doc. 30 at 55-82).

In making the above arguments, Respondent acknowledged the dearth of case law and noted that the OCCA's application of *Wallace* to deny post-conviction relief appears to be an issue of first impression in federal court. However, since Respondent filed the Response, the United States District Court for the Eastern District of Oklahoma has issued an Opinion and Order addressing the OCCA's application of *Wallace* on post-conviction appeal. *See Fitzer v. Hamilton*, No. CIV-18-283-RAW-GLJ, slip op. (E.D. Okla. Jan. 2,

2025) (unpublished). As relevant here, the *Fitzer* decision demonstrates that habeas relief is unwarranted as to Ground One.

**B.     Argument:**

As already noted, Respondent has urged this Court to deny relief on Petitioner's Ground One for several reasons. Not only was the OCCA's post-conviction decision (applying *Wallace*) in this case clearly reasonable in light of existing federal law, but the OCCA's decision was also arguably an application of an independent and adequate state procedural bar. Importantly, the Eastern District's recent decision in *Fitzer* strengthens Respondent's arguments even more.

In *Fitzer*, the petitioner ("Fitzer") was originally granted post-conviction relief in state district court in the wake of the Supreme Court's *McGirt* decision. *Fitzer*, No. CIV-18-283-RAW-GLJ, slip op. at 15. However, the State of Oklahoma later moved to vacate the order granting post-conviction relief in light of the OCCA's decision in *Wallace* that *McGirt* could not be retroactively applied to void a final conviction—Fitzer's conviction became final in April 2017. *Id.* Thereafter, the state district court vacated the order granting post-conviction relief. *Id.* Although Fitzer timely appealed to the OCCA, the OCCA ultimately affirmed the state district court's decision in light of *Wallace*. *Id.* On habeas appeal, Fitzer argued, in his second ground for habeas relief, that "[t]he State of Oklahoma lacked jurisdiction to prosecute because the Major Crimes Act gives the federal government exclusive jurisdiction to prosecute crimes against persons [sic] committed by Indians in Indian Country." *Id.* at 1. In so doing, Fitzer challenged the OCCA's post-conviction ruling and its reliance on *Wallace*.

3

In ruling on Fitzer's second ground for habeas relief, the Eastern District determined that relief was unwarranted under two alternative theories. *Id.* at 17-18. First, to the extent that the OCCA's application of *Wallace* to Fitzer's case on post-conviction appeal was a procedural bar, such bar was independent and adequate and therefore precluded habeas relief:

> To the extent the OCCA's *Wallace*-based ruling on Petitioner's *McGirt* claim is considered to be the application of a procedural bar, this Court finds it was independent and adequate, and Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman* [*v. Thompson*], 501 U.S. [722,] 750 [(1991)]. To be independent, a state procedural rule must rely on state law, rather than federal law, as the basis for the decision. *Id.* at 1145. To be adequate, "a state procedural rule must be 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Id.* (quoting *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998)).

*Id.* at 17. In so deciding, the Eastern District determined that *Wallace* was independent of federal law and had been even handedly applied by the OCCA.

Second, and alternatively, to the extent that the OCCA's application of *Wallace* was a merits adjudication, the OCCA's decision was reasonable pursuant to 28 U.S.C. § 2254(d):

> This Court finds that to the extent the OCCA's ruling is considered to be an adjudication on the merits, it is neither contrary to, or an unreasonable application of, any clearly established Supreme Court law, nor was it based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Petitioner's conviction was final before *McGirt* was decided, and the OCCA has determined that "*McGirt* and our post-*McGirt* decisions recognizing [the Cherokee, Choctaw, and Chickasaw Reservations] shall not apply

4

>   retroactively to void a conviction that was final when McGirt was decided."
>   *Wallace*, 497 P.3d at 689. The Court, therefore, concludes that Ground II of
>   the petition must be denied.

*Id.* at 17-18. Moreover, in addition to rejecting Fitzer's claim on alternative grounds, the Eastern District also denied Fitzer a certificate of appealability as to his second ground for habeas relief. *Id.* at 24. In other words, the Eastern District did not even find that Fitzer's claim was debatable among jurists of reason. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

While Respondent recognizes that *Fitzer* is not binding upon this Court, *Fitzer* still provides on-point and persuasive authority about an issue with a dearth of case law—an issue that is identical to the one raised in Petitioner's Ground One. *Cf. United States v. Spring*, No. 2:93CR00215 DS-1, 2015 WL 1432637, at *5 (D. Utah Mar. 27, 2015), *aff'd*, No. 15-4058, 614 F. App'x 386 (10th Cir. Sept. 16, 2015) (while a decision by a different federal district judge (in the same or different district) is not binding, it can be persuasive "when the opinion is based on sound judicial principles, there is not enough binding authority to make a reasoned decision, and the facts of the non-binding opinion are so similar to the facts at hand that they are an effective analysis"; indeed, "[o]pinions of non-binding authority can be used as a point of reference when there is a general dearth of binding authority in a narrow area of the law," and "non-binding authority can be helpful when there is a unique fact situation that is more closely tailored to the facts in the issue at hand than any other binding authority"); *cf. also Camreta v. Greene*, 563 U.S. 692, 709, n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a

different case." (internal citation and quotation marks omitted)). Considering this, and also considering the arguments concerning *Wallace* Respondent already made in her Response, and while preserving all other alternative arguments raised in the Response, this Court should follow the Eastern District's lead and deny relief on Petitioner's Ground One.

**C.     Conclusion:**

For the foregoing reasons and authorities cited herein, and for those reasons and authorities set forth in her previously filed Response, Respondent respectfully requests that the instant Petition for Writ of Habeas Corpus be denied.

        Respectfully submitted,

        <u>**s/ JENNIFER L. CRABB**</u>
        **JENNIFER L. CRABB, OBA # 20546**
        **ASSISTANT ATTORNEY GENERAL**
        313 N.E. 21st Street
        Oklahoma City, OK 73105
        Phone: (405) 521-3921
        Fax: (405) 522-4534
        fhc.docket@oag.ok.gov

        **ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

**X**   I hereby certify that on February 11, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and a Notice of Electronic filing to the following ECF registrant(s):

Robert. S. Jackson
bob@bobjacksonlaw.com

Alyssa Donovan Farrell
alyssa.d.farrell@gmail.com

**s/ JENNIFER L. CRABB**