#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILES STERLING BENCH, | ) |
| | ) |
|     Petitioner, | ) |
| | )   No. CIV-22-66-G |
| v. | ) |
| | ) |
| CHRISTE QUICK, Warden, | ) |
| Oklahoma State Penitentiary, | ) |
| | ) |
|     Respondent. | ) |

### PETITIONER'S RESPONSE TO RESPONDENT'S SUPPLEMENTAL BRIEF

In accordance with the Court's Order of February 11, 2025 (Doc. 40), Miles Sterling Bench, Petitioner in this matter, by and through undersigned counsel, responds to Respondent's Supplement Brief (Doc. 41). Mr. Bench responds to the contentions raised in Respondent's Supplemental Brief, and he does not abandon or otherwise waive any arguments raised in his Petition for Writ of Habeas Corpus (Doc. 19) or his Reply Brief (Doc. 35).

Through its Supplemental Brief, Respondent contends the recently decided case of *Fitzer v. Hamilton*, No. CIV-18-283-RAW-GLJ (E.D. Okla. Jan. 2, 2025) (unpub.) impacts the Indian Country Jurisdictional Claim raised in Ground One of Mr. Bench's Habeas Petition. Mr. Bench respectfully disagrees. *Fitzer* does not bind the Court or otherwise add anything new to consider with respect to whether the OCCA's application of *State ex rel Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021) (hereinafter *Matloff*) may serve

1

as an independent and adequate state procedural default. *See* Doc. 41 at 4.   Likewise, *Fitzer* fails to demonstrate that the OCCA's application of *Matloff* was neither contrary to or an unreasonable application of clearly established Federal Law. *See id.* at 4-5.

First, *Fitzer* is not binding on this Court. *Fitzer* is an unpublished decision of the United States District Court for the Eastern District of Oklahoma. It is well accepted that "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Green*, 563 U.S. 692, 709 n.7 (2011) (citing 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed.2011)). Thus, *Fitzer* does not bind this Court to resolve Mr. Bench's Ground One claim in any particular way.

Second, the facts and circumstances of *Fitzer* are distinguished from Mr. Bench, such that *Fitzer* lacks persuasive value. Notably, *Fitzer* is a non-capital case. Doc. 39-2 at 1 (Fitzer Opinion and Order providing that challenged conviction was for "Domestic Assault and Battery"). As such, *Fitzer* did not proceed under Oklahoma's Capital Post- Conviction Procedure Act, which required Mr. Bench to file his Original Post-Conviction Application in the OCCA while his direct appeal remained pending. *See* Okla Stat. tit. 22, § 1089(D)(1). This difference in procedure between capital and non-capital cases explains how Mr. Bench properly raised his Indian Country Jurisdictional Claim in his Application for Post-Conviction relief prior to his conviction becoming final. *See* Doc. 35 at 15.

Next and critically, Fitzer's timing with respect to his conviction becoming final prior

to his raising his jurisdictional claim is much different than Mr. Bench's case. The timing of Fitzer's jurisdictional claim was as follows:

| April 4, 2017 | Fitzer's conviction became final. (Doc. 39-2 at 16). |
|---|---|
| August 8, 2017 | *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017) (amended opinion issued upon denial of rehearing en banc). |
| December 14, 2017 | Fitzer files post-conviction application in state district court alleging jurisdictional claim. (Doc. 39-2 at 13). |
| May 15, 2018 | Fitzer's Post Conviction Application denied by state district court for host of reasons including no evidence of tribal membership. (Doc. 39-2 at 13). |
| January 8, 2019 | Fitzer's Post Conviction Appeal to the OCCA denied for *inter alia* failure to file a timely notice of appeal. (Doc. 39-2 at 14). |
| January 31, 2019 | Fitzer applies in state district court for an out-of time post conviction appeal. (Doc. 39-2 at 14). |
| December 27, 2019 | State district court recommends Fitzer be allowed an out-of-time post conviction appeal. (Doc. 39-2 at 14). |
| May 29, 2020 | The OCCA denies Fitzer's out-of-time post conviction appeal as premature because a Supreme Court Certiorari Petition remained pending in *Murphy v. Royal*. (Doc. 39-2 at 14). |
| July 9, 2020 | *McGirt v. Oklahoma*, 591 U.S. 894, decided. |
| July 20, 2020 | Fitzer filed a pro se Second Application for Post Conviction Relief in the state district court raising a jurisdictional claim premised upon *McGirt*. (Doc. 39-2 at 14). |
| April 22, 2021 | Fitzer files a counseled Amended Post-Conviction Application again raising the jurisdictional claim. (Doc. 39-2 at 15). |
| April 23, 2021 | State district court enters agreed order granting post conviction relief based on lack of jurisdiction. (Doc. 39-2 at 15). |
| April 23, 2021 | A handwritten notation on the Order granting relief, indicates that relief was stayed; however, it is unclear from *Fitzer* how long that stay remained in effect. (Doc. 39-2 at 15). |

| September 24, 2021 | State files a motion to vacate the agreed order for post conviction relief premised upon *State ex rel. Matloff v. Wallace*. (Doc. 39-2 at 15) |
|---|---|
| October 27, 2021 | State district court vacates Fitzer's grant of post-conviction relief. (Doc. 39-2 at 15) |
| January 11, 2022 | State district court recorded a Second Order vacating post-conviction relief to Fitzer which contains findings and conclusions; however, this Second Order was dated October 27, 2021. (Doc. 39-2 at 15-16). |
| September 23, 2022 | OCCA denies Fitzer's Post Conviction Appeal in No. PC-2022-205 because Fitzer's conviction was final prior to the Supreme Court's *McGirt* decision. |

As shown, the procedural history of *Fitzer's* jurisdictional claim is convoluted and does not lend itself to application in other cases. But critically, the huge distinction to be drawn between *Fitzer* and Mr. Bench is that Fitzer's conviction was final on April 4, 2017, prior to Fitzer raising his Indian County Jurisdictional Claim. Mr. Bench properly raised his Indian Country Jurisdictional Claim on March 15, 2018, which was more than a year prior to his conviction becoming final on October 7, 2019, not to mention approximately 28 months prior to *McGirt* being decided. *See* Doc. 19 at 24, summarizing timing of Mr. Bench's jurisdictional claim.

      This difference in timing, causes *Fitzer* to be akin to the cases Respondent previously argued were similarly situated to Mr. Bench. *See* Doc. 30 at 24-26. However, Mr. Bench demonstrated in his Reply Brief that Respondent's proffered cases were procedurally unlike his and thus could not establish the adequacy of the OCCA's *Matloff* Rule. *See* Doc. 35 at 9-14. Here, Fitzer raised his jurisdictional claim post finality of his conviction, after *McGirt*

was decided, and via a successive post conviction application. Thus, *Fitzer* is unlike Mr. Bench's case.

Mr. Bench would take this opportunity to update the Court with respect to the Garry Wilson case, which was relied upon be Respondent in its attempt to demonstrate the adequacy of the *Matloff* Rule. Doc. 30 at 25-26. At the time of Mr. Bench filing his Reply Brief, Garry Wilson had a pending habeas petition in the Northern District of Oklahoma. *See Wilson v. Bridges*, No. CV-21-445-JFH; *see also* Doc. 35 at 12-13 (distinguishing Wilson's circumstances from Mr. Bench's case). Since the time of the Reply, *Wilson* was decided. *Wilson v. Bridges*, 2024 WL 589106 (N.D. Okla. Feb. 13, 2024), certificate of appealability denied, No. 24-5041, 2024 WL 4132399 (10th Cir. Sept. 10, 2024), cert. denied, No. 24-5942, 2025 WL 76608 (U.S. Jan. 13, 2025). The Northern District declined to enforce the OCCA's application of the *Matloff* Rule in *Wilson* and instead utilized its discretion to "bypass" the procedural bar issue and decide the case on its merits. *Id*. at *5. It held that Wilson was not an Indian for purposes of federal law - he had no Indian blood and did not obtain membership in the Cherokee Nation until after he committed his crime. *Id*. Here, unlike *Wilson*, it is undisputed that Mr. Bench is an Indian for purposes of federal law. Also, due to the Northern District conducting merits review of the jurisdictional claim, *Wilson* provides no basis to conclude the OCCA's *Matloff* Rule may mature into an enforceable procedural bar to preclude review of Mr. Bench's jurisdictional claim. *See, e.g., Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (finding that whether a state court default matures into

5

a federal procedural bar is a federal question).

Next, *Fitzer* provides summary holdings, absent detailed legal analysis[1], with respect to adequacy and independence and alternatively whether the OCCA's application of *Matloff* is contrary to and/or an unreasonable application of federal law. Doc. 39-2 at 17-18. Thus, *Fitzer* is not remotely helpful in resolving Mr. Bench's Indian Country Jurisdictional Claim. With respect to independence and adequacy, *Fitzer* merely declared "[t]o the extent the OCCA's *Wallace*-based ruling on Petitioner's *McGirt* claim is considered to be the application of a procedural bar, this Court finds it was independent and adequate." *Id*. at 17. Fitzer then cites to *Banks v. Workman*[2], 692 F.3d 1133, 1145 (10th Cir. 2012) (quoting *Duvall v. Reynolds*, 139 F.3d 768, 796–97 (10th Cir.1998)) for the maxim that state procedural rules must not rely on federal law and must be regularly and evenhandedly applied so as to be *independent and adequate*. However, *Fitzer* fails to analyze or otherwise explain how the OCCA's *Matloff* Rule is not merely based on federal law. *See* Doc. 19 at 28-29 (arguing that *Matloff* relies upon the federal retroactivity framework of *Teague v. Lane*, 489 U.S. 288 (1989)); *see also* Doc. 35 at 4-5 (replying to Respondent's argument that Matloff operates independent of federal law). Likewise for adequacy, *Fitzer* does not examine

---

[1] Perhaps *Fitzer* does not engage in detailed and nuanced legal analysis concerning issues such as procedural bar and the AEDPA because Mr. Fitzer is a pro se petitioner, who did not raise such intricate and complex matters in his briefs. *See, e.g., Fitzer v. Bridges*, No. CIV-18-283-RAW, Doc. 48, Reply to Respondent's Motion to Dismiss (N.D. Okla. Jan. 6, 2023).

[2] *Fitzer* does not expressly cite *Banks*; instead the Opinion utilized "*Id.*" *Banks* is not cited elsewhere within *Fitzer*, but given the quotations Counsel is confident that *Fitzer* intended to cite *Banks*.

whether the OCCA regularly follows its *Matloff* Rule or evenhandedly applies the rule to similarly situated cases. *See* Doc. 19 at 29-30 (explaining that *Matloff* Rule is inadequate to bar federal review); *see also* Doc. 35 at 15-14 (replying to Respondent's specific contentions that *Matloff* constitutes an adequate state law ground).   Mr. Bench respectfully requests the Court engage in rigorous analysis of the OCCA's *Matloff* Rule, so as to decide if it is truly independent and adequate, so as to be capable of barring federal review.

   Lastly, *Fitzer's* alternative holding that the OCCA's application of *Matloff*, if classed a merits determination, does not run afoul of 28 U.S.C. § 2254(d) is likewise void of any analysis. Doc. 39-2 at 17-18. *Fitzer* fails to identify controlling clearly established federal law or how the OCCA's decision was not contrary to and/or an unreasonable application of the same. Mr. Bench explained at length how the OCCA's rationale in *Matloff* that *McGirt* was not retroactive because it announced a *new rule* was at odds with the clearly established law of cases such as *Solem v. Bartlett*, 465 U.S. 463 (1984); *Chaidez v. United States*, 568 U.S. 342 (2013); and *Hagen v. Utah, 510 U.S. 399 (1994)*. *See* Doc. 19 at 18-23 (explaining how the OCCA's rejection of Mr. Bench's jurdictional claim via a *Teague*-based non-retroactivity rule violated § 2254(d)).  Should the Court consider whether the OCCA's application of *Matloff* to Mr. Bench's jurisdictional claim violates Section 2254(d), it will have to engage in detailed analysis such as that provided by Mr. Bench in his Petition and Reply. *Id.*; *see also* Doc. 35 at 14-15.

## Conclusion

For the foregoing reasons and those contained in his Petition and Reply, Mr. Bench respectfully requests this Court issue the Writ and grant him any other relief to which he may be entitled.

    Respectfully Submitted,

    *s/Robert S. Jackson*
    Robert S. Jackson, OBA #22189
    1300 NW 10th ST.
    Oklahoma City, OK 73106
    Telephone:  405-602-8614
    bob@bobjacksonlaw.com

    Alyssa Donovan Farrell, OBA #32304
    P.O. Box 52192
    Tulsa, OK 74152
    Telephone: (405) 439-1264
    alyssa.d.farrell@gmail.com

    ATTORNEYS FOR PETITIONER

**CERTIFICATE OF SERVICE**

    I hereby certify that on the date of filing, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

    Ms. Jennifer L. Crabb
    Assistant Attorney General

                                       *s/Robert S. Jackson*
                                       Robert Jackson